## Sams vs. Stockton & Curtis.

Case 4.

ERROR TO ESTILL CIRCUIT.

1. By the Revised Statutes, Chapter 27, Article 8, the circuit courts have original jurisdiction, both at law and in equity, in all cases where the jurisdiction is not *exclusively* delegated to some other tribunal. By the 24th article, same chapter, jurisdiction is given to justices of the peace in all cases of contract, where the debt or damages claimed, exclusive of interest, does not exceed fifty dollars; but this jurisdiction is not *exclusive,* nor is jurisdiction in such cases *exclusively* given to any other tribunal, therefore the circuit court has jurisdiction of a suit upon a mercantile account, where the amount claimed was less than fifty dollars.

2. In suits upon merchants accounts, where the statute of limitation is relied upon, the time is to be computed from the first day of January succeeding the respective dates or times of the delivery of the respective articles charged in the account.

3. Goods purchased by an infant for his marriage, suited for such purpose to one in his circumstances in life, are necessaries, and a contract for such is binding.

December 8.

Judge SIMPSON delivered the opinion of the court.

Case stated.

This action was brought in the circuit court by Stockton and Curtis, against Sams, for the balance of a merchant's account due them, amounting to $36 68. The first question that arises in the case, is in regard to the jurisdiction of the circuit court. The action was commenced since the Revised Statutes were in

force, and the extent of the jurisdiction of the court depends upon their provisions on the subject.

By the 8th article of the 27th chapter of the Revised Statutes, page 219, original jurisdiction of all matters, both in law and equity, within its county, of which jurisdiction is not by law exclusively delegated to some other tribunal, is given to the circuit court. By the 24th article of the same chapter, page 238, original common law jurisdiction, in all cases of contract, where the debt or damages claimed, exclusive of interest, does not exceed fifty dollars, is given to justices of the peace; but this jurisdiction is not exclusive, nor is jurisdiction in such cases exclusively delegated to any other tribunal; consequently, the circuit court had jurisdiction, although the amount demanded by the plaintiffs in the action was less than fifty dollars.

The account sued for was created in the year 1851, and the last articles in the account were charged on the 23d day of October in that year. The action was commenced on the 25th day of November, 1852, and the defendant relied, in his answer, upon the statute of limitations of one year in bar of the action.

But, although more than a year had elapsed after the purchase of the last article in the account, before the action was commenced, still the statute of limitations did not operate in this case. By the provisions of the Revised Statutes, page 461, in every action upon a merchants account the limitation is to be computed from the first day of January next succeeding the respective dates or times of the delivery of the several articles charged in the account; and according to this mode of computation, the limitation had not become complete when the action was commenced.

The defendant also relied upon the fact that he was an infant when the account was created by him; and the plaintiffs insisted that he was liable for the articles purchased, notwithstanding his infancy, because they were necessaries.

It was proved that the defendant, at the time he purchased the goods in the plaintiffs account, was in

SAMS
*vs.*
STOCKTON &
CURTIS.

1. By the Revised Statutes, chap. 27, art. 8, the circuit courts have original jurisdiction, both at law and in equity, in all cases where the jurisdiction is not *exclusively* delegated to some other tribunal. By the 24th article, same chapter, jurisdiction is given to justices of the peace in all cases of contract, where the debt or damages claimed, exclusive of interest, does not exceed fifty dollars; but this jurisdiction is not *exclusive*, nor is jurisdiction in such cases *exclusively* given to any other tribunal, therefore the circuit court has jurisdiction of a suit upon a mercantile account, where the amount claimed was less than fifty dollars.

2. In suits upon merchants accounts, where the statute of limitations is relied upon, the time is to be computed from the first day of January succeeding the respective dates or times of the delivery of the

his twenty-first year; that he was about to be, and was afterwards married, and that the goods so purchased by him were for his wedding suit. It was also proved that the articles purchased were suitable for his condition in life, and necessary for the purpose for which they were intended to be applied; that the defendant's father, who resided in the county, was a man of good estate and position in life, and that the defendant had, although an infant, for a considerable period of time traded and purchased goods for himself.

It is contended that the defendant was not liable for these goods, for two reasons: First, that they cannot be considered as necessaries, and in the second place, if necessaries, he was not responsible for them, but his father was.

3. Goods purchased by an infant for his marriage, suited for such purpose to one in his circumstances in life, are necessaries, and a contract for such is binding.

If an infant marries, such clothing as is usually worn on such occasions, by persons in his situation and condition in life, certainly come under the description of necessaries. They might not be necessary for ordinary purposes, but they become necessary in consequence of the use to which they are to be applied; and as the defendant had been trading and doing business for himself, and purchased these goods upon his own credit, and agreed either expressly or impliedly to pay for them, he was individually liable for the price of them.

The judgment rendered against him by the circuit court is therefore affirmed.

CHILES for plaintiff; NOLAND for defendants.